# EXHIBIT 1

FILED DATE: 12/9/2020 1:48 PM 2020CH07174

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| JOHN DALY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| MURAD LLC. | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, JOHN DALY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, and for his Class Action Complaint against the Defendant, MURAD LLC, ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, unjust enrichment, and breach of warranty, resulting from the illegal actions of Defendant, in intentionally labeling its skincare products with false and misleading claims that they are oil-free, when Defendant's products contain oils. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

FILED DATE: 12/9/2020 1:48 PM 2020CH07174

## PARTIES

2. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

3. On information and belief, Defendant is a Delaware corporation, whose principal place of business is located in El Segundo, California.

4. At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of cosmetics.

## FACTS COMMON TO ALL COUNTS

5. Defendant manufactures, advertises, markets, sells, and distributes skincare products throughout Illinois and the United States under the brand name "Murad".

6. During the Class Period Defendant's Clarifying Oil-Free Water Gel products (the "Products") were advertised as oil-free when they in fact contained the following oils:

   a. dimethicone; and

   b. polyisobutene.

7. Plaintiff's most recent purchase of the Products was on or about November 2, 2020.

8. All of the Products contain oils, but Defendant intentionally advertise and label the Products as oil-free.

9. Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the qualities of the products.

10. By making false and misleading claims about the qualities of its products, Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

11. Therefore, Plaintiff has been deprived of his legally protected interest to obtain true and accurate information about her consumer products as required by law.

2

12. As a result, Plaintiff has been misled into purchasing products he would not have otherwise purchased.

13. Oil is a term that describes a material that is both hydrophobic and lipophilic. Oil can also be classified by the polarity of the material. Oils can be wholly non-polar such as hydrocarbons, or polar such as fatty acids. Oil comprises the following chemical functional groups:[1]

    a. hydrocarbons (alkanes, alkenes) —such as squalane commonly sold as squalane oil
    b. triglycerides—such as glycerol tristearate also known as stearin;
    c. esters—such as ester oil
    d. fatty acids—such as palmitic acid
    e. certain silicones—such as alkyl dimethicone
    f. fatty alcohols-sterols

14. All of the above functional groups can be generally characterized by the same physical properties commonly observed by laypersons including being less dense than water, being more viscous than water, and feeling slick or slippery to the touch.

15. The following is a structural diagram of dimethicone:



-silicone(siloxane)

---

[1] Tony O'Lenick, Polar vs. Nonpolar oils, 2008. https://www.cosmeticsandtoiletries.com/research/chemistry/17390254.html

3

16. Dimethicone is defined as a polysiloxane. As shown in the diagram in paragraph 15 above, dimethicone contains the silicone (siloxane) functional group. It would be defined as a polar oil. The compound has a density of 0.965 g/mL, compared to water's 1g/mL.

17. The following is a structural diagram of polyisobutene:



-alkane

18. Polyisobutene is defined as a alkene polymer. As shown in the diagram in paragraph 17 above, polyisobutene largely contains the alkane functional group. It would be defined as a non-polar oil. The compound has a density of 0.88 g/mL, compared to water's 1g/mL.

19. Plaintiff purchased Defendant's products because Defendant's packaging claims that their products are oil-free.

20. Plaintiff would not have been able to understand that the Products contained oils without an advanced understanding of chemistry.

21. Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as oil-fee, Plaintiff could not have known that the Products contained oils.

4

22. Plaintiff was unaware that the Products contained oils when he purchased them.

23. Plaintiff and the Class were deceived into paying money for products they did not want because the Products were labeled as oil free.

24. Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they use on their bodies.

25. Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that the Products' express labeling stating "Oil-Free" was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products' contained oils unless Defendant expressly told them.

26. Defendant employs professional chemists to create the chemical formulas of Defendant's products. Therefore, Defendant through its employees knew or should have known that the Products contained oils and that by labeling the Products as oil-free it was deceiving consumers.

27. On information and belief, Defendant through its employees did know that the Products contained oils but chose to include "oil-free" labeling because it did not believe its customers were well educated enough to know the difference.

28. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Lost money;

    b. Wasting Plaintiff's time; and

    c. Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

5

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within four years prior to the filing of the Complaint through the date of class certification.

30. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows:

> All persons within the State of Illinois who purchased the Products within ten years prior to the filing of the Complaint through the date of class certification.

31. The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

   a. Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

   b. There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

   i. Whether Defendant disseminated false and misleading information by claiming the Products was oil-free when they contained oils;

6

    ii. Whether the Class and Sub-Class members were informed that the products contained oils;

    iii. Whether the Products contained oils;

    iv. Whether Defendant's conduct was unfair and deceptive;

    v. Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    vi. Whether Defendant breached express warranties to Plaintiff, and the Class and Sub-Class members;

    vii. Whether there should be a tolling of the statute of limitations; and

    viii. Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c. Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e. Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f. This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g. This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and

without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.  Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

32.  Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33.  The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

### COUNT I
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

34.  Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

35.  Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as he is a natural person.

8

FILED DATE: 12/9/2020 1:48 PM 2020CH07174

36. Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

37. 815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

38. Through its representation that the Products were oil-free, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

39. 815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

40. In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

41. Defendant failed to comply with the requirements of the ILCFA, including, but not

limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

42. By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## COUNT II
## COMMON LAW FRAUD

43. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

44. Through its false statements on the Products' packaging, that the Products were oil-free, Defendant made false statements of material fact.

45. At the time Defendant made its statements to Plaintiff that the Products were oil-free, it knew, or reasonably should have known, that the statements described above were false.

46. At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

47. Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products did in fact contain oils.

48. As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## COUNT III
## UNJUST ENRICHMENT

49. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

50. Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

51. Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products are oil-free.

52. Defendant's retention of the revenue it received from Plaintiff, and the Class and Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products if they knew the Products contained oils.

53. Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## COUNT IV
## BREACH OF EXPRESS WARRANTIES

54. Plaintiff incorporates all of the allegations and statements made above as if fully reiterated herein.

55. Defendant, as the manufacturer, designer, marketer, and seller of the Products, expressly warranted that the Products were oil-free on the front of the Products' packaging.

56. Defendant's express warranties that the Products were oil-free was part of the basis of the bargain between Plaintiff, and the Class and Sub-Class members, and Defendant.

57. However, the Products contain oils and do not conform to the express warranties Defendant made to Plaintiff, and the Class and Sub-Class members, that the Products are oil free.

11

58. Furthermore, as described above, Defendant had actual knowledge of the above listed defects contained in the Products.

59. As a direct result of Defendant's breach of the express warranties it made to Plaintiff, and the Class and Sub-Class members, they have been injured, because they would not have purchased the Products on the same terms if they knew the Products contained oils contrary to what is listed on the packaging, and they did not gain the same benefits they bargained for when purchasing the Products.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

JOHN DALY

_____
Attorney for Plaintiff
Cook County Attorney No. 57093
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

FILED DATE: 12/9/2020 1:48 PM 2020CH07174

aring Date: 4/8/2021 9:30 AM
urtroom Number: 2102
cation: District 1 Court
Cook County, IL

Case: 1:21-cv-00339 Document #: 1-1 Filed: 01/20/21 Page 15 of 20 PageID #:23

12/10/2020 11:27 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020CH07174
11443688

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION

| | |
|---|---|
| JOHN DALY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) No. 2020CH07174 |
| v. | ) ) ) |
| MURAD LLC. | ) ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Now comes the Plaintiff, JOHN DALY, by and through his attorneys, and brings this Motion for Class Certification against Defendant, MURAD LLC, individually and on behalf of a class and sub-class of all others similarly situated. In support thereof, Plaintiff alleges and states as follows:

1. As alleged in Plaintiff's Complaint, on or about November 2, 2020, Plaintiff purchased one of Defendant's Clarifying Oil-Free Water Gel products. Defendant advertises its Clarifying Oil-Free Water Gel as "Oil-Free". However, the Clarifying Oil-Free Water Gel products actually contain at least two oils: dimethicone and polyisobutene.

2. When Plaintiff purchased the Clarifying Oil-Free Water Gel he believed that the product did not contain any oils because the product was labeled "oil-free." However, upon investigation by his attorneys Plaintiff learned that the product actually contains oils and is therefore not oil-free. A more thorough explanation of the facts may be found in Plaintiff's Complaint.

3. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries, harm, and damages, which include, but are not limited to, the following:

    a. Lost money;

    b. Wasting Plaintiff's time; and

    c. Stress, aggravation, frustration, inconvenience, loss of trust, loss of serenity, and loss of confidence in product labeling.

4. Plaintiff brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following class (the "Class"): All persons within the United States who purchased the Products within four years prior to the filing of the Complaint through the date of class certification..

5. Plaintiff also brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following sub-class (hereinafter the "Sub-Class"): All persons within the State of Illinois who purchased the Products within ten years prior to the filing of the Complaint through the date of class certification.

6. Illinois Rule of Civil Procedure section 5/2-801 states that an action may be maintained as a class action in any court of this state if the court finds that:

    (1) The class is so numerous that joinder of all members is impracticable.

    (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

    (3) The representative parties will fairly and adequately protect the interest of the class.

   (4)  The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

  7.  The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

   a.  Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

   b.  There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i.  Whether Defendant disseminated false and misleading information by claiming the Products was oil-free when they contained oils;

    ii.  Whether the Class and Sub-Class members were informed that the products contained oils;

    iii.  Whether the Products contained oils;

    iv.  Whether Defendant's conduct was unfair and deceptive;

    v.  Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

   vi. Whether Defendant breached express warranties to Plaintiff, and the Class and Sub-Class members;

   vii. Whether there should be a tolling of the statute of limitations; and

   viii. Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

 c. Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

 d. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

 e. Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

 f. This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

 g. This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary

4

    damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

  h. Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

5. Plaintiff believes that upon completion of discovery in this matter, Plaintiff will be able to prove each of the allegations to the satisfaction of this Court. Therefore, Plaintiff requests the Court defer any ruling on this motion until after discovery has closed and Plaintiff has filed an amended or supplemental motion for class certification.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order certifying the proposed class and sub-class, but defer any ruling on this Motion until after discovery has been completed and Plaintiff has filed an amended or supplemental motion for class certification.

            RESPECTFULLY SUBMITTED,

            JOHN DALY

            _____
            Steve G. Perry
            Attorney for Plaintiff
            Cook County Attorney No.: 63294
            Illinois Attorney No. 6330283
            Law Offices of Todd M. Friedman, P.C.
            111 W. Jackson Blvd., Suite 1700
            Chicago, Illinois 60604
            Phone: (224) 218-0875
            Fax: (866) 633-0228
            Steven.perry@toddflaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 10, 2020, a copy of Plaintiff's Motion for Class Certification was served upon the following party, by depositing the same in the U.S. Mail, with proper first-class postage prepaid thereon:

> MURAD LLC
> c/o The Corporation Trust Company (Registered Agent)
> 1209 Orange St.
> Wilmington, DE 19801

_____
Steven G. Perry
Attorney for Plaintiff